SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
ROBERT K. SAHYAN, Cal. Bar No. 253763
MATT R. KLINGER, Cal. Bar No. 307362
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
Email: okatz@sheppardmullin.com
       bmarum@sheppardmullin.com
       mklinger@sheppardmullin.com

Proposed Counsel for Debtor PopExpert, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PopExpert, Inc.,<br><br>        Debtor. | Case No. 16-30390<br><br>Chapter 11<br><br>**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF KYLE EVERETT OF DEVELOPMENT SPECIALISTS, INC. AS ITS CHIEF RESTRUCTURING OFFICER**<br><br>Date: May 19, 2016<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>       16th Floor, Courtroom 19<br>       San Francisco, CA 94102<br>Judge: Honorable Hannah L. Blumenstiel |

PopExpert, Inc., the debtor and debtor-in-possession in the above captioned chapter 11 case ("PopExpert" or the "Debtor"), applies, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order approving the employment of Kyle Everett of Development Specialists, Inc. ("DSI") as Chief Restructuring Officer ("CRO") of the Debtor pursuant to the terms described in the

engagement letter between the Debtor and DSI (the "Engagement Letter"). This application (the "Application") is based on the concurrently filed Declaration of Kyle Everett (the "Everett Declaration"), other relevant papers of record, and upon such further oral and documentary evidence as may be presented in connection with this Application. A true and correct copy of the Engagement Letter is attached to the Everett Declaration.

In support of this Application, the Debtor respectfully represents as follows:

## INTRODUCTION

By the Application, the Debtor seeks the retention of Mr. Everett as its CRO. While the Debtor believes it has the authority to employ an officer, such as a CRO, in the ordinary course, it is seeking Court approval under section 363 of the Bankruptcy Code for two reasons. First, in addition to a flat fee of up to $10,000 per month, the Debtor proposes to include compensation to Mr. Everett of a cash fee of 3% of the gross sale proceeds from a sale of substantially all assets of the Debtor. Compensation based on a percentage of gross sale proceeds is arguably not ordinary course and may require approval under Section 363 of the Bankruptcy Code. Second, while the Debtor is employing Mr. Everett personally as its CRO, any compensation is to be paid to DSI, because DSI is effectively loaning Mr. Everett to the Debtor. Such an arrangement (i.e., where an individual is employed by the Debtor but compensation is paid to another entity) is arguably not ordinary course and may require approval under Section 363 of the Bankruptcy Code.

In addition, while the Debtor is not seeking to retain Mr. Everett as a professional, it has provided below, as supported by the Everett Declaration, the discussion describing the disinterestedness of Mr. Everett and DSI. This discussion is provided to address potential questions, if any, that the U.S. Trustee and other parties in interest in may have in evaluating this Application.

## BACKGROUND

**A.     Company Background.**

PopExpert develops and operates a number of internet platforms that provide on

demand access to lifelong learning. Its platforms enable customers to learn from top experts around topics that help customers improve at life, work and play. The company, was founded in 2012 and is based in San Francisco, California.

PopExpert commenced this bankruptcy case by filing a voluntary chapter 11 petition on April 12, 2016 (the "Petition Date"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed by the Office of the United States Trustee.

A detailed discussion of the Debtor's background, capital structure, and the events leading to this chapter 11 filing is set forth in the declaration of Ingrid Sanders filed in support of the first day motions [Docket No. 6]. The discussion contained there is incorporated in this Application as though fully set forth here.

### RELIEF REQUESTED

The Debtor requests the entry of an order, substantially in the form attached to this Application as Exhibit "A", authorizing it to employ Mr. Everett as the Debtor's CRO in connection with the above-captioned bankruptcy case, effective as of the Petition Date, pursuant to the terms of the Engagement Letter.

The relief requested is necessary to the successful administration of the bankruptcy case. The Debtor requires the services of an experienced CRO and crisis manager in order to guide existing management through a sale process and a successful resolution of this chapter 11 case.

The Debtor has determined that it is in the best interest of its estate to retain an independent CRO for the Debtor. The Debtor believes that the employment of a CRO will assist its management in evaluating strategic alternatives, communicating with the Debtor's stakeholders, and providing analysis regarding anticipated purchase offers. The Debtor has used its business judgment to determine that retaining a CRO will benefit the Debtor and its estate while at the same time allowing the Debtor to continue to benefit

-3-

from the services of its CEO who is familiar with the Debtor's business and assets and has strong relationships with the investor community.

## QUALIFICATIONS

Mr. Everett is senior managing director of the San Francisco office of Development Specialists, Inc. Prior to joining DSI in 2002 he was a partner in a local insolvency consulting firm. His practice consists of consulting with debtors and creditors in bankruptcy, turnaround and workout assignments and forensic accounting and related analyses and testimony. He has served in numerous fiduciary capacities including state and federal court receiver, chapter 11 trustee, post judgment receiver, examiner, creditors' trust trustee, liquidator and disbursing agent.

Mr. Everett's expertise includes forensic accounting, analysis and evaluation of performance and profitability, development of budgets and forecasts, crisis management and negotiations with creditors and lenders. He has testified as an expert in state court, bankruptcy court and arbitration.

Mr. Everett has worked with clients in a wide range of industries including apparel manufacturing, legal and accounting firms, retail, real estate, timber harvesting, hospitality, health care, restaurants, automobile dealerships, pleasure boat and yacht manufacturers, equipment and furniture manufacturing, outdoor advertising, oil bunkering and health clubs.

Mr. Everett is a California certified public accountant and received his Bachelor of Science degree in Business Administration from California State University Northridge in 1981. He is a member of the American Bankruptcy Institute, California Bankruptcy Forum and is also the past president of both the Bay Area chapter and the state chapter of the California Receivers Forum. He is a member of the American Institute of Certified Public Accountants (AICPA); the California Society of Certified Public Accountants (CSCPA) and the Association of Insolvency & Reorganization Advisors (AIRA).

## SERVICES TO BE RENDERED

Subject to Court approval, Mr. Everett will serve as the CRO for the Debtor, with responsibility and appropriate authority to assist the Debtor in connection with a sale of substantially all of its assets, all pursuant to the terms of the Engagement Letter and the order approving this Application. Specifically, Mr. Everett will assist potential purchasers in connection with their due diligence activities, answer questions posted by potential purchasers regarding the bid and sale procedures, help the Debtor determine the highest and best offer for the Debtor's assets, and act as an overall guide throughout the sale process (including to closing).

## COMPENSATION

Subject to Court approval, the Debtor and Mr. Everett have agreed to the following proposed compensation and payment:

a. Hourly Fee: The Debtor has agreed to pay the CRO at the rate of $575 per hour subject to a $10,000 monthly rolling maximum on fees billed each month (the "Monthly Cap"). If the CRO incurs fees during any specific month that exceed the Monthly Cap, the amount of such excess fees will be carried over and billed in the following month(s). If the CRO incurs fees that are less than the Monthly Cap, any unused portion of the Monthly Cap may be added to the Monthly Cap in subsequent months.

b. Transaction Fee: If the Debtor consummates a sale transaction, the CRO will be entitled to receive a cash fee equal to 3% of the gross sale proceeds.

In addition, the CRO will be entitled to receive reimbursement for reasonable costs and expenses incurred in connection with this engagement. Such costs and expenses may include, among others, charges for messenger services, overnight deliveries, photocopying, travel expenses, long distance telephone charges, postage and other charges customarily invoiced by consulting firms.

-5-
SMRH:476367439.3                                                                                    APPLICATION FOR CRO

Also, as the CRO, Mr. Everett shall be entitled to all indemnities provided to officers of the Debtor pursuant to the Debtor's by-laws and articles of incorporation. Further, Mr. Everett, in his capacity as CRO, will be entitled to coverage under the Debtor's applicable insurance coverage for the benefit of officers of the Debtor.

Neither the CRO nor DSI received a retainer in connection with this engagement.

During the pendency of the bankruptcy case, the CRO will file a quarterly statement providing disclosure of his compensation, including time sheets (which shall be redacted as required), which time sheets will comply with the following: (i) contain time entries describing the task(s) performed, (ii) be organized by a project category, and (iii) reflect time increments no greater than one-half hour (0.5).

## GENERAL DISINTERESTEDNESS

Although the Debtor does not propose to retain Mr. Everett under section 327 of the Bankruptcy Code, the CRO has nonetheless performed a computerized conflict check and, to the best of his knowledge and except to the extent disclosed in the Everett Declaration, does not hold any interest adverse to the interests of the Debtor's estate.

Further, by the Everett Declaration, Mr. Everett provides full and complete disclosure in order to demonstrate the satisfaction of all requirements that would be imposed by the Bankruptcy Code and Bankruptcy Rules for employment in this case.

The CRO has agreed not to share with any person or entity any compensation received by it in the Debtor's case, except as among the members, associates, and employees of DSI. Neither DSI, nor any of its principals, employees, agents or affiliates has any connection with the Debtor, it creditors, the United States Trustee, the Bankruptcy Judge or any other party with an actual or potential interest in the bankruptcy case or its attorneys or accountants, except as set forth in the Everett Declaration.

DSI personnel and their family members may have business associations with certain creditors of the Debtor unrelated to the bankruptcy case. The Debtor maintains business relationships with several creditors and other parties. DSI may have advisory or other commercial or professional relationships with such entities or persons completely

-6-
APPLICATION FOR CRO

unrelated to the Debtor or its business affairs. No such relationships are in any way related to the bankruptcy case. Additionally, in the ordinary course of its business, DSI may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, the Debtor, creditors, or other interested parties in the bankruptcy case. If the CRO discovers additional information that requires disclosure, the CRO will file a supplemental disclosure with the Court.

The CRO has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, the bankruptcy case. If this Court approves the proposed employment of the CRO by the Debtor, the CRO will not accept any engagement or perform any services for any entity or person other than the Debtor in the bankruptcy case. The CRO (and DSI) will, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or parties in interest in the bankruptcy case, provided, however, that such services do not relate to, or have any direct connection with, the bankruptcy case.

The Debtor does not owe the CRO any amount for services performed or expenses incurred prior to the Petition Date and thus the CRO is not a prepetition creditor of either Debtor.

Further, pursuant to Section 1107(b), a professional is not disqualified from employment under Section 327 (referred to by analogy here) on grounds that such professional was employed by a debtor prior to commencement of a bankruptcy proceeding.

Accordingly, although not required for approval of the present engagement, the Debtor believes that Mr. Everett is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## BASIS FOR RELIEF

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary

course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on part of the debtor, such use should be approved. *See In re 240 North Brand Partners*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) (*citing In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983)).

Bankruptcy courts have analyzed the propriety of a debtor's employment of corporate restructuring officers, advisors and professionals under section 363 on numerous occasions and have determined it is an appropriate exercise of the debtor's business judgment to employ a restructuring professional in this manner. *See*, *e.g.*, *In re Colad Group Inc.*, 324 B.R. 208, 215 (Bankr. W.D.N.Y. 2005); *In re NewZoom, Inc.*, (Case No. 15-31141-HB) (Bankr. N.D. Cal. Jan. 20, 2016); *In re Siliken Manufacturing USA, Inc.*, Case No. 13-00119-CL11 (Bankr. S.D. Cal. Mar. 19, 2013); *In re Am. Suzuki Motor Corp.*, Case No. 8:12-bk-22808-SC (Bankr. C.D. Cal. Dec. 10, 2012); *In re Fifth Avenue Partners, LLC*, Case No. 8:10-bk-18667-ES (Bankr. C.D. Cal. Aug. 5, 2010); *In re Westcliff Med. Labs., Inc.*, Case No. 10-16743 (Bankr C.D. Cal. June 25, 2010).

Additionally, the Court's general equitable powers codified in section 105(a) of the Bankruptcy Code provide ample authority for the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." *See* 11 U.S.C. § 105(a); *see also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008); *Martin v. United States (In re Martin)*, 150 B.R. 43, 47 (Bankr. S.D. Cal. 1993) (noting the Court's "broad" powers under Section 105).

The terms and conditions of the CRO's retention were negotiated by the Debtor and the CRO at arm's length and in good faith. The Debtor submits that the employment of Mr. Everett is a sound exercise of its business judgment and satisfies section 363 of the Bankruptcy Code. The CRO's services are necessary and essential to the Debtor's restructuring efforts. Mr. Everett has extensive experience providing services to distressed companies, including in connection with assisted asset sales. Mr. Everett is qualified for

-8-

the position for which he is being employed. The Debtor has determined that the terms of the engagement of the CRO are within the range of those for senior executive officers employed with the companies of comparable size, value and reputation. Accordingly, the Debtor's decision to employ the CRO reflects an exercise of the Debtor's sound business judgment.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form attached to hereto as Exhibit A, approving the retention of Mr. Everett as CRO for the Debtor effective as of the Petition Date, subject to the terms set forth in this Application, and for such other and further relief as may be just and proper.

Dated: April 26, 2016

POPEXPERT, INC.

By _*Ingrid Sanders*_
    INGRID SANDERS
    CEO

SUBMITTED BY:

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _/s/ Ori Katz_
    ORI KATZ
    ROBERT K. SAHYAN
    MATT R. KLINGER

Proposed Counsel for Debtor PopExpert, Inc.

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PopExpert, Inc.,<br><br>        Debtor. | Case No. 16-30390<br><br>Chapter 11<br><br>**[PROPOSED] ORDER AUTHORIZING THE RETENTION OF KYLE EVERETT OF DEVELOPMENT SPECIALISTS, INC. AS ITS CHIEF RESTRUCTURING OFFICER** |

The *Order Authorizing the Retention of Kyle Everett of Development Specialists, Inc. As its Chief Restructuring Officer* (the "Application"), filed by debtor and debtor-in-possession, PopExpert, Inc. (the "Debtor") on April _, 2016 as Docket No. __, came before the Court for hearing at the above-referenced date and time. Appearances were as noted on the record. Based upon the Court's review of the Application, the declarations and other pleadings filed in support of the Application, the arguments at the hearing on the Application, if any, and all pleadings and evidence of record in this case,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED. Capitalized terms not defined in this Order shall have the meanings given to them in the Application.

-10-

2. The terms of the Engagement Letter are approved. The Debtor is authorized to employ, as of the Petition Date, Kyle Everett, as a Chief Restructuring Officer for the Debtor on the terms set forth in the Engagement Letter and in the Application.

**\*\* END OF ORDER \*\***