SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
ROBERT K. SAHYAN, Cal. Bar No. 253763
MATT R. KLINGER, Cal. Bar No. 307362
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:     415.434.3947
Email:          okatz@sheppardmullin.com
                    rsahyan@sheppardmullin.com
                    mklinger@sheppardmullin.com

Counsel for Debtor Old PXPRT, Inc.,
f/k/a PopExpert, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Old PXPRT, Inc., f/k/a PopExpert, Inc.,<br><br>Debtor. | Case No. 16-30390<br><br>Chapter 11<br><br>**DECLARATION OF INGRID SANDERS IN SUPPORT OF DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR RELATED RELIEF**<br><br>Date:    December 1, 2016<br>Time:   10:00 a.m.<br>Place:   United States Bankruptcy Court<br>             450 Golden Gate Avenue<br>             Courtroom 19<br>             San Francisco, CA 94111<br>Judge: Honorable Hannah L. Blumenstiel |

I, Ingrid Sanders, declare:

1. I am the Chief Executive Officer ("CEO") of Old PXPRT, Inc. f/k/a PopExpert, Inc. (the "Debtor"). I make this declaration in that capacity. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge and my review of the Debtor's books and records and discussion with the Debtor's counsel. If I were called to testify as a witness in this matter, I could and would competently testify to each of the fact set forth herein based upon such discussion, my personal knowledge, review of documents, or opinion.

2. I submit this declaration in support of the *Debtor's Motion to Dismiss Chapter 11 Case and for Related Relief* (the "Motion"), filed with this declaration. I give undefined capitalized terms the same meaning given them in the Motion.

3. The Motion seeks Court an order from this Court that: (i) dismisses this chapter 11 bankruptcy case; (ii) provides that all orders entered in this bankruptcy case will remain in full force and effect following the dismissal; (ii) authorizes the Debtor to make payments on account of the scheduled and/or filed claims in accordance with the priority scheme under the Bankruptcy Code; and (iv) grants related relief.

A. **The Debtor**

4. Prior to its sale of assets, the Debtor was engaged in the development and operations of a number of internet platforms that provide on demand access to lifelong learning. Its platforms enabled customers to learn from top experts around topics that help customers improve at life, work and play. The company, was founded in 2012 and was based in San Francisco, California. It funded its initial operations largely through funding from investors in exchange for promissory notes. I am the Debtor's founding CEO.

B. **The Bankruptcy Filing**

5. The Debtor commenced this bankruptcy case by filing a voluntary chapter 11 petition on April 12, 2016, commencing the Bankruptcy Case. As I stated in my declaration in support of the Debtor's "first day" filings, the Debtor initiated the Bankruptcy Case, in part, because of the distraction from the litigation in which it was

engaged and because of the expressed desire of potential purchasers of the Debtor to acquire its assets free and clear of claims and interests. As also stated there, the Debtor's strategy in the Bankruptcy Case was to conduct a sale of its assets in an expedited manner.

**C.     Sale of Assets**

6.     On May 16, 2016, the Debtor filed a motion for the sale of substantial all of its assets to a stalking horse bidder and subject to an auction. The Debtor held an auction on June 2, 2016, at which auction the Debtor's assets were sold for $534,000 (the "Sale Proceeds"). The sale closed on June 8, 2016. Upon the closing of the sale, the Debtor ceased regular business operations, including all revenue-generating operations,

**D.     Remaining Assets of the Estate**

7.     Following the payment of administrative expenses, including professional fees incurred through July 31, 2016, the Sale Proceeds that remain in the estate are approximately $235,000. The Debtor does not anticipate receiving any additional funds now that it has sold its assets and ceased all revenue-generating operations.

8.     The only other potential assets consist of claims of the Debtor asserted in the state court litigation commenced prepetition against the Debtor's former CEO and OMC. Those claims are being released as part of the consideration being received under the Settlement Agreement that is currently subject to the Court's consideration pursuant to a separate motion being heard concurrently with the Motion. The Debtor is not aware of any other material estate assets.

9.     The Debtor has also performed a preference analysis and concluded there are no preference claims worth filing. The Debtor does not expect the value of its estate will increase beyond its current value by any method.

**E.     Claims Against the Estate**

a.     Administrative Claims

10.    The administrative claims that remain outstanding consist of: (i) professional fee claims for fees and expenses incurred after July 31, 2016 (as the Debtor has paid the professional fee claims incurred through such date and previously allowed by the Court on

an interim basis) and (ii) certain small expenses. I understand that the professionals will be filing final fee applications, which will be subject to the review and approval of the Court at the hearing on the final fee applications.

11. In addition, the Debtor is current on its obligation to pay the fees due to the Office of the United States Trustee through September 30, 2016. The Debtor anticipates $1,950 will be due on account of such fees for the period after such date and taking into effect the distributions to creditors described in the Motion.

    b.    <u>Priority Claims</u>

12. There are four prepetition claims asserted against the Debtor's estate as a non-secured priority claims. Chart 2 in the Motion lists all such claims.

    c.    General Unsecured Claims

13. The remaining claims against the Debtor's estate are general unsecured claims, which are described in Chart 3 in the Motion.

**F.    Proposed Payment of Claims**

14. The Debtor proposes to distribute the remaining cash from the Sale Proceeds to the creditors as described in the Motion, which I understand is in accordance with the priority scheme under the Bankruptcy Code.

15. I believe that the Debtor is capable itself of administering and distributing its estate to these creditors efficiently and effectively.

16. The Debtor believes that the appropriate resolution of this case is through dismissing it as requested in the Motion. The dismissal is anticipated to provide a speedy and cost-efficient exit that helps avoid further diminution of estate assets and a concomitant decrease in the distributions to creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 9, 2016.

*Ingrid Sanders*
Ingrid Sanders